IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| HALEY HARRIS, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action File No. 4:20-CV-176 (CDL) |
| | * | |
| SAM'S EAST, INC., | * | |
| Defendant. | * | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Haley Harris, by and through her counsel of record, hereby submits the following proposed jury instructions. Reserving the right to submit requests for additional or modified instructions in light of Defendant's proposed instructions or to conform to the evidence at trial, Plaintiff requests that the jury be instructed in accordance with the contentions and charges proposed herein.

Respectfully submitted this 27th day of July, 2022.

/s/ Gwyn P. Newsom
Gwyn P. Newsom
Law Office of Gwyn P. Newsom, LLC
Georgia State Bar No. 541450

P.O. Box 629
Columbus, GA 31902-0629
(706) 324-4900
gwyn@gnewsomlaw.com

s/ Maxine Wallace
Maxine Wallace, P.C.
Georgia Bar No. 325905

P.O. Box 349
Columbus, GA 31902-0489
(706) 324-6300
maxine@attorneymaxinewallace.com

1

## PLAINTIFF'S REQUEST TO CHARGE NO. 1

### 1.1 - General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply — and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" — simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case.  Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did — unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it.  If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence - this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Haley Harris, claims the Defendant Sam's East, Inc. (Sam's Club) terminated her employment on September 19, 2019 because she complained about a sexually hostile work

4

environment, i.e. co-worker Alfredo Otero-Apolinario engaging in sexually harassing conduct toward her and about her to other employees.  Sam's Club denies that it fired Ms. Harris because of her complaints and asserts that it fired her because their investigation concluded that she was guilty of sexually harassing conduct toward another co-worker, Seth Skahan, and was already on a first warning for tardiness and attendance issues.

Burden of proof:

Plaintiff Haley Harris has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Ms. Harris must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Ms. Harris and the evidence favoring Sam's East, Inc. on opposite sides of balancing scales, Ms. Harris needs to make the scales tip to her side.  If Ms. Harris fails to meet this burden, you must find in favor of Sam's East, Inc.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything — all the evidence, the lawyers' closing arguments, and my instructions on the law — before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom.

It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special

ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair — no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff Haley Harris will present her witnesses and ask them questions. After Ms. Harris questions the witness, Defendant Sams may ask the witness questions — this is called "cross-examining" the witness. Then Defendant will present its witnesses, and Ms. Harris may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 5 1(b)(3).]

## PLAINTIFF'S REQUEST TO CHARGE NO. 2

**(3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court – Eleventh Circuit Pattern Instructions)**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or he has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## PLAINTIFF'S REQUEST TO CHARGE NO. 3

**(3.4 Credibility of Witnesses – Eleventh Circuit Pattern Instructions)**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things she or he testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness's testimony differ from other testimony or other evidence?

## PLAINTIFF'S REQUEST TO CHARGE NO. 4

**(3.5.1 Impeachment of Witnesses Because of Inconsistent Statements – Eleventh Circuit Pattern Instructions)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or he remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## PLAINTIFF'S REQUEST TO CHARGE NO. 5

### (3.7.1 Responsibility for Proof – Plaintiff's Claim – Preponderance of the Evidence – Eleventh Circuit Pattern Instructions)

In this case it is the responsibility of the Plaintiff to prove every essential part of her claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

12

**PLAINTIFF'S REQUEST TO CHARGE NO. 6**
**4.21 and 4.22 Retaliation – Title VII**

In this case, Haley Harris claims that Sam's East, Inc. (Wal-Mart) retaliated against her because she took steps to enforce her lawful rights under Title VII.

Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.

OPPOSITION CLAIMS:  An employee may make a discrimination complaint as a means to enforce what she believed in good faith to be her lawful rights.  So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you fined the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights.  To establish "good faith, however, it is insufficient for Ms. Harris merely to allege that her belief in this regard was honest and bona fide; the allegations and the records must also establish that the belief, though perhaps mistaken, was objectively reasonable.

The Plaintiff, Haley Harris, claims the Defendant Sam's East, Inc. (Sam's Club) terminated her employment on September 19, 2019 because she complained about a sexually hostile work environment, i.e. co-worker Alfredo Otero-Apolinario engaging in sexually harassing conduct toward her and about her to other employees. Ms. Harris claims that Sam's East, Inc. terminated her employment on September 19, 2019 because she complained about co-worker Alfredo Otero-Apolinario engaging in sexually harassing conduct toward her and about her.  To succeed on her claim, Ms. Harris must prove each of the following facts by a preponderance of the evidence:

13

First:   Ms. Harris engaged in a protected activity;

Second:   Sam's Club then took an adverse employment action;

Third:   Sam's took the adverse employment action because of Ms. Harris' protected activity; and

Fourth:   Ms. Harris suffered damages because of the adverse employment action.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

For the first element, Ms. Harris claims that she engaged in protected activity when she complained about a sexually hostile work environment, i.e. about co-worker Alfredo Otero-Apolinario engaging in sexually harassing conduct toward her and about her to other employees. That action is "protected activity" if it was based on Harris' good-faith, reasonable belief that Sam's Club discriminated against her because of complaint about a sexually hostile work environment. Ms. Harris had a "good faith" belief if she honestly believed that Sam's Club discriminated against her because of her complaint about a sexually hostile work environment. Ms. Harris had a reasonable belief if a reasonable person would, under the circumstances, believe that Sam's Club discriminated against her because of complaint about a sexually hostile work environment. Ms. Harris does not have to prove that Sam's Club actually discriminated against her because of her complaint about a sexually hostile work environment but must prove that she had a good-faith reasonable belief that Sam's Club did.

For the second element, Ms. Harris claims that Sam's Club took an adverse employment action against her when it fired her on September 19, 2019. You must decide whether terminating her employment on September 19, 2019 is an adverse employment action.

An "adverse employment action" is any type of action that would have made a reasonable

14

employee reluctant to make or support a charge of discrimination. Put another way, if a reasonable employee would be less likely to complain about or oppose alleged discrimination because she knew that Sam's would terminate her employment, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

For the third element, if you find that Ms. Harris engaged in protected activity and that Sam's Club took an adverse employment action against her, you must decide whether Sam's Club took that action because of Ms. Harris' protected activity.

To determine that Sam's Club took an adverse employment action because of Ms. Harris' protected activity, you must decide that Sam's Club would not have taken the action had Ms. Harris not engaged in the protected activity but everything else had been the same.

Sam's Club claims that it did not terminate Ms. Harris' employment because of her complaints of a sexually hostile work environment and that it took this action for another reason. An employer may not take an adverse action against an employee because of the employee's protected activity. But an employer may terminate an employee for any other reason, good or bad, fair or unfair. If you believe Sam's Club reason for its decision, and you find that it did not make its decision because of Ms. Harris' protected activity, you must not second guess that decision, and you must not substitute your own judgment for Sam's Club's judgment – even if you do not agree with it.

**Pretext:** As I have explained, Ms. Harris has the burden to prove that Sam's Club decision to terminate her employment was because of her protected activity. I have explained to

you that evidence can be direct or circumstantial. To decide whether Sam's Club termination of Ms. Harris was because of her protected activity, you may consider the circumstances of Sam's Club's decision. For example, you may consider whether you believe the reason that Sam's Club gave for the decision. If you do not believe the reason that it gave for the decision, you may consider whether the reason was so unbelievable that it was a cover-up to hide the true retaliatory reason for the decision.

For the fourth element, you must decide whether Sam's Club's acts were the proximate cause of damages that Ms. Harris sustained. Put another way, you must decide, if Sam's Club had not terminated her employment, would these damages have occurred?

If you find that Sam's Club's acts were the proximate cause of damages that Ms. Harris sustained, you must determine the amount of damages.

If you find in Ms. Harris' favor for each fact she must prove, you must consider Ms. Harris' compensatory damages.

When considering the issue of Ms. Harris' compensatory damages, you should determine what amount, if any, has been proven by Ms. Harris by a preponderance of the evidence as full, just and reasonable compensation for all of Ms. Harris' damages as a result of the discharge, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Sam's Club. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Ms. Harris has proved them by a preponderance of the evidence, and no others:

    (a) net lost wages and benefits from the date of discharge to the date of your verdict; and

(b) emotional pain and mental anguish.

To determine the amount of Ms. Harris' net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost.

To determine whether and how much Ms. Harris should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Ms. Harris does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates her for her claim. There is no exact standard to apply, but the award should be fair in light of the evidence.

**Mitigation of Damages:** You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Ms. Harris to be reasonably diligent in seeking substantially equivalent employment to the position she held with Sam's Club. To prove that Ms. Harris failed to mitigate damages, Defendant must prove by a preponderance of the evidence that: (1) work comparable to the position Ms. Harris held with Defendant was available, and (2) Ms. Harris did not make reasonably diligent efforts to obtain it. If, however, Sam's Club shows that Ms. Harris did not make reasonable efforts to obtain any work, then Defendant does not have to prove that comparable work was available.

If you find that Sam's Club proved by a preponderance of the evidence that Ms. Harris failed to mitigate damages, then you should reduce the amount of her damages by the amount that could have been reasonably realized if she had taken advantage of an opportunity for substantially equivalent employment.

**Punitive Damages:** Ms. Harris also asks you to award punitive damages. The purpose of punitive damages is not to compensate Ms. Harris but, instead, to punish Sam's Club for

17

wrongful conduct and to deter similar wrongful conduct.  You will only reach the issue of punitive damages if you find for Ms. Harris and award her compensatory damages.

To be entitled to an award of punitive damages, Ms. Harris must prove by a preponderance of the evidence that Sam's Club acted with either malice or with reckless indifference toward Ms.  Harris' federally protected rights.  Specifically, Ms.  Harris must show that an employee of Sam's Club, acting in a managerial capacity, either acted with malice or with reckless indifference to Ms.  Harris' federally protected rights.

There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Sam's Club gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

To show that Sam's Club acted with malice, Ms.  Harris must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Ms. Harris anyway.  To show that Sam's Club acted with reckless indifference to Ms. Harris's federally protected rights, Ms. Harris must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. Either malice or reckless indifference is sufficient to entitle Ms. Harris to an award of punitive damages; Ms.  Harris need not prove both.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful discrimination in the workplace.  However, the mere existence of

policies prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Sam's Club acted with malice or with reckless indifference to Ms. Harris' federally protected rights.  In determining whether to award punitive damages, you may consider factors such as:  (1) whether Sam's Club acted spitefully or malevolently; (2) whether Sam's Club showed a blatant disregard for civil legal obligations; (3) whether Sam's Club failed to appropriately or adequately investigate reports of discrimination; (4) whether Sam's Club failed to take corrective action concerning discriminatory acts or comments by its employees; and (5) whether the person accused of discrimination was included in the employer's decision making process concerning Ms.  Harris' discharge.

If you find that punitive damages should be assessed against Sam's Club, you may consider the evidence regarding Sam's Club's financial resources in fixing the amount of such damages.

## PLAINTIFF'S REQUEST TO CHARGE NO. 7

### 4.5 Title VII – Civil Rights Act – Discrimination – Discharge or Failure to Promote – Including "Same Decision" Defense

In this case, Haley Harris claims that the Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

Specifically, Ms. Harris claims that Defendant discharged her because of her race.

Defendant denies Ms. Harris' claims.

To succeed on her claim against Defendant, Ms. Harris must prove each of the following facts by a preponderance of the evidence:

First:    Defendant discharged Ms. Harris; and

Second:  Ms. Harris' race was a motivating factor that prompted Defendant to discharge her.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

If you find that Defendant discharged Ms. Harris from employment, you must decide whether her race was a "motivating factor" in the decision.

To prove that race was a motivating factor in Defendant's decision, Ms. Harris does not have to prove that her race was the only reason that Sam's Club terminated her.  It is enough if Ms. Harris proves that race influenced the decision.  If Ms. Harris' race made a difference in Defendant's decision, you may find that it was a motivating factor in the decision.

Sam's Club claims that Ms. Harris' race was not a motivating factor in the decision and that it discharged her for other reasons.  An employer may not discriminate against an employee because of the employee's race, but the employer may discharge an employee for any other

reason, good or bad, fair or unfair.  If you believe Defendant's reason[s] for the decision to discharge Ms. Harris, and you find that Defendant's decision was not motivated by Ms. Harris' race, you must not second guess Sam's Club's decision, and you must not substitute your own judgment for Sam's Club's judgment – even if you disagree with it.

**Pretext:**   As I have explained, Ms. Harris has the burden to prove that her race was a motivating factor in Sam's Club's decision to discharge Ms. Harris.  I have explained to you that evidence can be direct or circumstantial.  To decide whether Ms. Harris' race was a motivating factor in Defendant's decision to discharge Ms. Harris, you may consider the circumstances of Sam's Club's decision.  For example, you may consider whether you believe the reason[s] Sam's Club gave for the decision.  If you do not believe the reason[s] it gave for the decision, you may consider whether the reason[s] [was/were] so unbelievable that [it was/they were] a cover-up to hide the true discriminatory reasons for the decision.

If you find in Ms. Harris' favor for each fact she must prove, you must consider Ms. Harris' compensatory damages.

When considering the issue of Ms. Harris' compensatory damages, you should determine what amount, if any, has been proven by Ms. Harris by a preponderance of the evidence as full, just and reasonable compensation for all of her damages as a result of her discharge, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant.  Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Ms. Harris has proved them by a preponderance of the evidence, and no others:

(a) net lost wages and benefits from the date of discharge to the date of your verdict; and

(b) emotional pain and mental anguish.

To determine the amount of Ms. Harris' net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost.

To determine whether and how much Ms. Harris should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible.  Ms. Harris does not have to introduce evidence of a monetary value for intangible things like mental anguish.  You will determine what amount fairly compensates her for her claims.  There is no exact standard to apply, but the award should be fair in light of the evidence.

**Mitigation of Damages:** You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Ms. Harris to be reasonably diligent in seeking substantially equivalent employment to the position she held with Sam's Club.  To prove that Ms. Harris failed to mitigate damages, Defendant must prove by a preponderance of the evidence that: (1) work comparable to the position Ms. Harris held with Defendant was available, and (2) Ms. Harris did not make reasonably diligent efforts to obtain it. If, however, Sam's Club shows that Ms. Harris did not make reasonable efforts to obtain any work, then Defendant does not have to prove that comparable work was available.

If you find that Sam's Club proved by a preponderance of the evidence that Ms. Harris failed to mitigate damages, then you should reduce the amount of her damages by the amount that could have been reasonably realized if she had taken advantage of an opportunity for substantially equivalent employment.

**Punitive Damages**:  Ms. Harris also asks you to award punitive damages.  The purpose of punitive damages is not to compensate Ms. Harris, but, instead, to punish Sam's Club for wrongful conduct and to deter similar wrongful conduct.  You will only reach the issue of punitive damages if you find for Ms. Harris and award her compensatory damages.

To be entitled to an award of punitive damages, Ms. Harris must prove by a preponderance of the evidence that Sam's Club acted with either malice or with reckless indifference toward Ms. Harris' federally protected rights.  Specifically, Ms. Harris must show that an employee of Sam's Club, acting in a managerial capacity, either acted with malice or with reckless indifference to Ms. Harris' federally protected rights.

There is no bright-line rule about which employees act in a managerial capacity.  You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Sam's Club gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

To show that Sam's Club acted with malice, Ms. Harris must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Ms. Harris anyway.  To show that Sam's Club acted with reckless indifference to Ms. Harris' federally protected rights, Ms. Harris must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law.  Either malice or reckless indifference is sufficient to entitle Ms. Harris to an award of punitive damages; Ms. Harris need not prove both.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the

employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful discrimination in the workplace. However, the mere existence of policies prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Sam's Club acted with malice or with reckless indifference to Ms. Harris' federally protected rights. In determining whether to award punitive damages, you may consider factors such as: (1) whether Sam's Club acted spitefully or malevolently; (2) whether Sam's Club showed a blatant disregard for civil legal obligations; (3) whether Sam's Club failed to investigate reports of discrimination; (4) whether Sam's Club failed to take corrective action concerning discriminatory acts or comments by its employees; and (5) whether the person accused of discrimination was included in the employer's decision making process concerning Ms. Harris' discharge.

If you find that punitive damages should be assessed against Sam's Club, you may consider the evidence regarding Sam's Club's financial resources in fixing the amount of such damages.

<u>PLAINTIFF'S REQUEST TO CHARGE NO. 8</u>

**4.9 Civil Rights Act – 42 U.S.C. § 1981- Race Discrimination in
Employment – Discharge or Failure to Promote**

In this case, Haley Harris claims that the Sam's Club violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of employee's race.

Specifically, Ms. Harris claims that Defendant discharged her because of her race.

Defendant Sam's Club denies Ms. Harris' claims.

To succeed on her claim against Defendant, Ms. Harris must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:    Defendant Sam's Club discharged Ms. Harris; and

<u>Second</u>:   Ms. Harris' race was a motivating factor that prompted Defendant to discharge her.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

If you find that Defendant discharged Ms. Harris from employment, you must decide whether her race was a "motivating factor" in the decision.

To prove that race was a motivating factor in Sam's Club decision, Ms. Harris does not have to prove that her race was the only reason that Sam's Club terminated her. It is enough if Ms. Harris proves that race influenced the decision. If Ms. Harris' race made a difference in Sam's Club's decision, you may find that it was a motivating factor in the decision.

Sam's Club claims that Ms. Harris' race was not a motivating factor in the decision and that it discharged her for other reasons.  An employer may not discriminate against an employee because of the employee's race, but the employer may discharge an employee for any other

25

reason, good or bad, fair or unfair. If you believe Defendant's reason[s] for the decision to discharge Ms. Harris, and you find that Defendant's decision was not motivated by Ms. Harris' race, you must not second guess Sam's Club's decision, and you must not substitute your own judgment for Sam's Club's judgment – even if you disagree with it.

**Pretext:**   As I have explained, Ms. Harris has the burden to prove that her race was a motivating factor in Sam's Club's decision to discharge Ms. Harris.  I have explained to you that evidence can be direct or circumstantial.  To decide whether Ms. Harris' race was a motivating factor in Defendant's decision to discharged Ms. Harris, you may consider the circumstances of Sam's Club's decision.  For example, you may consider whether you believe the reason[s] Sam's Club gave for the decision.  If you do not believe the reason[s] it gave for the decision, you may consider whether the reason[s] [was/were] so unbelievable that [it was/they were] a cover-up to hide the true discriminatory reasons for the decision.

If you find in Ms. Harris favor for each fact she must prove, you must consider Ms. Harris' compensatory damages.

When considering the issue of Ms. Harris' compensatory damages, you should determine what amount, if any, has been proven by Ms. Harris by a preponderance of the evidence as full, just and reasonable compensation for all of her damages as a result of her discharge, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant.  Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Ms. Harris has proved them by a preponderance of the evidence, and no others:

26

(a) net lost wages and benefits from the date of discharge to the date of your verdict; and

(b) emotional pain and mental anguish.

To determine the amount of Ms. Harris' net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost.

To determine whether and how much Ms. Harris should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible.  Ms. Harris does not have to introduce evidence of a monetary value for intangible things like mental anguish.  You will determine what amount fairly compensates her for her claims.  There is no exact standard to apply, but the award should be fair in light of the evidence.

**Mitigation of Damages:** You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Ms. Harris to be reasonably diligent in seeking substantially equivalent employment to the position she held with Sam's Club.  To prove that Ms. Harris failed to mitigate damages, Defendant must prove by a preponderance of the evidence that: (1) work comparable to the position Ms. Harris held with Defendant was available, and (2) Ms. Harris did not make reasonably diligent efforts to obtain it. If, however, Sam's Club shows that Ms. Harris did not make reasonable efforts to obtain any work, then Defendant does not have to prove that comparable work was available.

If you find that Sam's Club proved by a preponderance of the evidence that Ms. Harris failed to mitigate damages, then you should reduce the amount of her damages by the amount that could have been reasonably realized if she had taken advantage of an opportunity for substantially equivalent employment.

**Punitive Damages**:  Ms. Harris also asks you to award punitive damages.  The purpose of punitive damages is not to compensate Ms. Harris, but, instead, to punish Sam's Club for wrongful conduct and to deter similar wrongful conduct.  You will only reach the issue of punitive damages if you find for Ms. Harris and award her compensatory damages.

To be entitled to an award of punitive damages, Ms. Harris must prove by a preponderance of the evidence that Sam's Club acted with either malice or with reckless indifference toward Ms. Harris' federally protected rights.  Specifically, Ms. Harris must show that an employee of Sam's Club, acting in a managerial capacity, either acted with malice or with reckless indifference to Ms. Harris' federally protected rights.

There is no bright-line rule about which employees act in a managerial capacity.  You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Sam's Club gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

To show that Sam's Club acted with malice, Ms. Harris must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Ms. Harris anyway.  To show that Sam's Club acted with reckless indifference to Ms. Harris' federally protected rights, Ms. Harris must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law.  Either malice or reckless indifference is sufficient to entitle Ms. Harris to an award of punitive damages; Ms. Harris need not prove both.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the

employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful discrimination in the workplace.  However, the mere existence of policies prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Sam's Club acted with malice or with reckless indifference to Ms. Harris' federally protected rights.  In determining whether to award punitive damages, you may consider factors such as:  (1)  whether Sam's Club acted spitefully or malevolently; (2) whether Sam's Club showed a blatant disregard for civil legal obligations; (3) whether Sam's Club failed to investigate reports of discrimination; (4) whether Sam's Club failed to take corrective action concerning discriminatory acts or comments by its employees; and (5) whether the person accused of discrimination was included in the employer's decision making process concerning Ms. Harris' discharge.

If you find that punitive damages should be assessed against Sam's Club, you may consider the evidence regarding Sam's Club's financial resources in fixing the amount of such damages.

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I am counsel for the Plaintiff in the above-styled action and that I have this 27th day of July, 2022 electronically filed the above and foregoing PLAINTIFF'S PROPOSED JURY INSTRUCTIONS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Jeffrey A. Lehrer
> jlehrer@fordharrison.com
> Peter Reed Corbin
> pcorbin@fordharrison.com
> Abigal J. Larimer
> alarimer@fordharrison.com
> FORD HARRISON LLP

This 27th day of July, 2022.

> *s/ Gwyn P. Newsom*
> Gwyn P. Newsom
> Counsel for Plaintiff