UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| HALEY HARRIS,<br><br>  PLAINTIFF,<br><br>V.<br><br>SAM'S EAST, INC.,<br><br>  DEFENDANT. | Civil Action File No:<br>4:20-CV-176 (CDL) |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATIONS FOR THE USE OF DEPOSITION TESTIMONY AT TRIAL**

Plaintiff Haley Harris has indicated that she may introduce depositions excerpts from Nielani Lee, John Van Etten, Keri Peck, and John Engel, and Alfredo Otero-Apolinario at trial in lieu of calling the witnesses to testify. Plaintiff has failed to present any justification for seeking to present deposition testimony of these witnesses rather than subpoenaing them for live testimony. Pursuant to Rule 32 F. R. Civ. Pro., this is not proper. Defendant objects to Plaintiff's designations for the reasons more specifically described below.

**A. Plaintiff's Designations Do Not Satisfy the Requirements of Rule 32**

Defendant objects to Plaintiff's designations because Plaintiff has not shown how the use of the above-referenced designated deposition portions is allowed under Rule 32(a)(2)-(8) in lieu of live testimony of witnesses. None of the witnesses listed above are parties to the lawsuit or were designated to testify under Rule 30(b)(6). Plaintiff has also not shown how any of the witnesses will be unavailable at trial as a result of death, illness, location outside of the Court's subpoena power, or any other permissible reason. Instead, Plaintiff has identified multiple deposition pages for witnesses who are available to testify at trial. Nielani Lee is within the subpoena power of this Court and Defendant has no reason to believe she is unavailable to attend

the trial. John Van Etten and Alfredo Otero-Apolinario are local Columbus residents and live within the subpoena power of this Court. Defendant has stated it will produce Keri Peck and John Engels for live testimony at trial. Defendant has no reason to believe that these witnesses are unavailable to attend the trial. As Plaintiff has not satisfied the basic requirements of Rule 32, Plaintiff should not be permitted to introduce the deposition testimony.

**B.    Plaintiff's Designations Are Inadmissible**

In addition, most of the testimony Plaintiff has designated violates Rule 32(b) F. R. Civ. P. because it would not be admissible at trial. Most of the designations are not relevant, contain speculation, or contain hearsay and would not be admissible under the Rules of Evidence. Some of these designations are highlighted below.

**1.    Jon Van Etten Designations**

Mr. Van Etten's deposition testimony is completely irrelevant to this case. He was not a supervisor for Defendant during any time relevant to this case. On page 16, lines 3-7, he responds to the following question about whether he has any first-hand information relevant to this case:

```
3      Q. So I guess, I take it, you don't have
4      any first-hand knowledge of interactions that
5      Haley had with Alfredo that she was concerned
6      about; you didn't personally witness anything?
7      A. No, not that I can recall.
```

Plaintiff conveniently left this designation out of her designations. Despite this admission, Plaintiff has identified completely irrelevant, speculative and hearsay testimony about what Mr. Etten alleges to have heard and what he subjectively "believes." None of his testimony is based on any event that he actually observed. For these reasons his entire testimony must be excluded.

Defendant will address some of Plaintiff's specific designations below.

- Plaintiff has identified testimony in Pages 12 to 14 of this deposition related to

questions about Mr. Etten's relationship with Plaintiff, Mr. Otero and Mr. Saken. That is not relevant.

- On Pages 16 to 23, Plaintiff identifies testimony about Mr. Etten's conversations with Plaintiff and a text message he sent her <u>after</u> her termination that includes his speculation about what might have happened that resulted in her termination. This is not admissible testimony under the Rules of Evidence. This identified section also includes information about his subjective beliefs about the Club Manager that have no basis in any fact and are completely irrelevant.

- Between pages 16 and 23, Plaintiff identifies things Mr. Etten did to prepare for his deposition. That is clearly not relevant. Also, in this section there is significant testimony that is hearsay and not admissible.

- Pages 19 to 20 contain Mr. Etten's subjective belief that the Plaintiff would not lie. This is not relevant. This portion also includes hearsay testimony about what Plaintiff told him.

- Page 20 contains irrelevant testimony about who Mr. Etten believes are the Club Manager's friends and his subjective belief without any evidence that she protects those people. His speculation and personal beliefs are not relevant to this case.

- Page 20 to 21 contain Mr. Etten's subjective belief that the Club Manager would cover for Mr. Otero. This is not admissible testimony.

- Page 21 contains Mr. Etten's subjective belief that he did not think Plaintiff should have been fired. Again, he was not involved in this decision and he was not privy to the investigative file. His beliefs are not relevant.

- Pages 21 to 22 contain Mr. Etten's subjective belief that Plaintiff was a good

employee and could have been promoted to team lead one day. His opinions are not relevant. It also contains his hearsay testimony about something someone told him a supervisor allegedly said.

- Page 22 contains Mr. Etten's testimony of what Plaintiff "probably" told him. This is irrelevant, speculative and hearsay.

- Finally, and most egregious, are Plaintiff's designations on Pages 24 to 25 where Mr. Etten testifies that he could not recall hearing any inappropriate comments from Mr. Otero and Plaintiff's counsel leads him into testifying that he is pretty sure he did hear some and that he had a "feeling" that he probably did despite the fact he could not recall any. Mr. Etten could not identify one example that led to these feelings. His feelings are not relevant, speculative and intended to improperly deceive the jury on this topic.

These are just a few examples of Plaintiff's designations that are not admissible under the Rules of Evidence. Mr. Etten's entire deposition must be excluded.

    2.    **Alfredo Otero- Apolinario**

Mr. Otero is the individual Plaintiff complained about in this case which she believes resulted in her termination. Again, Plaintiff identifies questions and answers that do not comply with the Rules of Evidence. Some examples are identified below.

- Page 11 contains testimony about Mr. Otero's promotion and pay increase well after Plaintiff's termination. This is not relevant.

- Pages 11 to 12 contain testimony about Mr. Otero's hours and other jobs that are not relevant.

- Pages 26 to 28 contains significant hearsay testimony and Plaintiff's leading questions

where her questions become to the point of her attempting to testify on issues the witness responded he had no information about. Plaintiff's counsel assumes facts not in evidence by stating that Plaintiff was continuing to complain to certain supervisors where there is no evidence of such multiple complaints.

- Page 39:5-14 contains Plaintiff's counsel's inflammatory question that misstates earlier testimony and is also hearsay. The witness never testified that Walter told him he had nothing to worry about. Plaintiff's question was improper and misleading.

- Page 44:3-6 contains Plaintiff's counsel arguing with the witness and her attempting to testify.

- Page 45:14-20 also contains Plaintiff's counsel arguing with the witness and her attempt to testify.

- Pages 62 to 64 contains questions about why the witness thought Plaintiff was fired and the hearsay statements he heard about that reason. This is clearly irrelevant.

- Pages 73 to 74 contain hearsay testimony.

- Page 77 contains questions about whether the witness ever spoke Spanish at work. This is not relevant.

Plaintiff has designated large portions of multiple depositions that do not comply with the Rules of Evidence. Defendant will go through every page if the Court believes this is necessary. However, Defendant states this is not necessary and that Plaintiff should be required to simply comply with Rule 32 and subpoena these witnesses to testify at trial. If deposition testimony is permitted contrary to this Rule, Defendant reserves the right to request counter designations pursuant to Rule 32(a)(6).

Respectfully submitted,

FORD & HARRISON LLP

By: /s/ Abigail J. Larimer

Peter Reed Corbin
Georgia Bar No. 187388
pcorbin@fordharrison.com
FORD & HARRISON LLP
225 Water Street, Suite 710
Jacksonville, Florida 32203
T (904) 357-2000 | F (904) 357-2001

Abigail J. Larimer
Georgia Bar No. 999229
alarimer@fordharrison.com
FORD & HARRISON LLP
271 17th Street, NW. Suite 1900
Atlanta, GA 30363
T (404) 888-3800 | F (404) 888-3863

Jeffrey A. Lehrer
*Admitted pro hac vice*
jlehrer@fordharrison.com
FORD & HARRISON LLP
One Morgan Square, 100 Dunbar St # 300,
Spartanburg, SC 29306
T (864) 699-1100 | F (864) 699-1101
Attorneys for Defendant
Sam's East, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will automatically send a copy to:

Gwyn P. Newsom
gwyn@gnewsomlaw.com
Gwyn P Newsom Law, LLC
P.O. Box 629
Columbus, GA 30677

Maxine Wallace
maxine@attorneymaxinewallace.com
Maxine Wallace Law

P.O. Box 349
Columbus, GA  31902-0349

*Attorneys for Plaintiff*

FORD & HARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, GA  30363
Telephone : (404) 888-3800
Facsimile:   (404) 888-3863

/s/ *Abigail J. Larimer*
Abigail J. Larimer
Georgia Bar No. 999229
alarimer@fordharrison.com


*Attorneys for Defendant
Sam's East, Inc.*

WSACTIVELLP:13296830.1