IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

HALEY HARRIS,                        *

     Plaintiff,                     *

vs.                                  *     CASE NO. 4:20-CV-176 (CDL)

SAM'S EAST, INC.,                    *

     Defendant.                     *

_____

O R D E R

    A jury returned a verdict in favor of Plaintiff Haley Harris and against her former employer, Defendant Sam's East, Inc., on her Title VII retaliatory termination claim based on complaints of a sexually hostile work environment.  The jury awarded Harris $250,000.00 in emotional pain and mental anguish damages and $1,711.11 in net lost wages and benefits.  Sam's East contends that insufficient evidence existed from which a reasonable jury could conclude that Sam's East terminated Harris's employment because she complained about a sexually hostile work environment. Therefore, it seeks judgment as a matter of law.  In the alternative, it moves to alter or amend the judgment or for a new trial, arguing that the verdict is against the great weight of the evidence.  Sam's East also maintains that the damages the jury awarded for emotional pain and mental anguish were excessive.  It asks the Court to reduce those damages if the Court does not grant

its motions for judgment as a matter of law, to alter or amend the judgment, or new trial.  Because genuine fact disputes existed on the issues of causation and damages and the jury's resolution of those factual disputes is supported by sufficient evidence, Sam's East's motions (ECF No. 66) are denied.

Harris, as the prevailing party, moves to recover her attorneys' fees and expenses.  The Court grants her motion (ECF No. 67) in part and makes an award of $302,593 in attorneys' fees and $11,081.92 in expenses.

DISCUSSION

## I.   Sam's East's Motion for Judgment as a Matter of Law and Alternative Relief

Sam's East argues that the trial record does not support the jury's finding that Harris's employment was terminated because she complained of a sexually hostile work environment.  It is well settled that Harris had the burden at trial of proving by a preponderance of the evidence that but for her protected activity Sam's East would not have fired her.  *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1135 (11th Cir. 2020) (en banc).  The jury was thoroughly charged on causation.  The Court advised the jury that it must decide whether Sam's East fired Harris "because of Ms. Harris's protected activity."  Jury Instructions 8, ECF No. 58.  The Court then explained: "To determine that Defendant took an adverse employment action because of Ms. Harris's protected

activity, you must decide that Defendant would not have taken the action had Ms. Harris not engaged in the protected activity but everything else had been the same." *Id.* at 8-9.  The Court further explained how the jury could consider pretext in resolving the causation issue: "To decide whether Defendant's termination of Ms. Harris's employment was because of her protected activity, you may consider the circumstances of Defendant's decision. For example, you may consider whether you believe the reasons that Defendant gave for the decision." *Id.* at 9.   "If you do not believe the reasons that it gave for the decision, you may consider whether the reasons were so unbelievable that they were a cover-up to hide the true retaliatory reasons for the decision." *Id.* at 9-10.  No objection was raised at trial to the Court's jury instructions, nor is one raised in the present motions.

The record is also clear that the jury made a specific finding on causation.   The special interrogatories accompanying the verdict asked the jury whether "Harris [had] proven by a preponderance of the evidence that Defendant terminated her employment because she complained about sexual harassment," and the jury answered "yes."  Jury Verdict 2, ECF No. 59.  Therefore, it is clear that the jury was correctly instructed on the law that it must apply regarding causation and that it specifically found under the applicable law that Harris's employment was terminated because she complained of a sexually hostile work environment.  No

basis exists to conclude that the jury was confused in any way. Sam's East simply argues that they reached the wrong conclusion.

The issue presented by the present motion is whether the jury had sufficient evidence from which they could have reasonably reached the decision they did on causation. "Judgment as a matter of law is appropriate only if the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict." *EEOC v. Exel, Inc.*, 884 F.3d 1326, 1329 (11th Cir. 2018) (internal quotation marks and citation omitted). And the Court may grant a motion for new trial on evidentiary grounds only if "the verdict is against the great-not merely the greater-weight of the evidence." *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotation marks and citation omitted). The Court finds that although the evidence was strongly disputed, a reasonable jury could have reached the conclusion that this jury did from that evidence, and thus Sam's East is not entitled to judgment as a matter of law, an altered or amended judgment, or a new trial based on insufficiency of the evidence.

The evidence, with reasonable inferences construed in favor of Harris, included the following. Harris made a complaint about a sexually hostile work environment. She claimed that she was the victim of that environment. Yet, the investigation of her claims was converted into an investigation of her for making alleged

inappropriate comments. Trial Tr. Vol. III 170:17-171:1, ECF No. 79. But no one that Harris was accused of making inappropriate remarks towards during the investigation had complained about such behavior beforehand. *Id.* at 225:15-22, 227:13-16. The investigators did not substantiate allegations against one subject of the investigation despite his admission that he made inappropriate sexual remarks at work. Trial Tr. Vol. II 227:15-21, ECF No. 78. And no one ever told Harris that she became the subject of the investigation. *Id.* at 107:23-180:2; Trial Tr. Vol. III 215:6-9. Furthermore, Sam's East never gave Harris an opportunity to respond to the accusations against her before firing her. Trial Tr. Vol. II 107:23-108:8; Trial Tr. Vol. III 221:23-222:4.

Importantly, the so-called "independent" investigation of Harris led by Sam's East's investigatory department recommended that Harris be disciplined under the company's progressive discipline policy; the recommendation did not specify termination. Trial Tr. Vol. II 212:1-8. Nevertheless, Harris's supervisor, to whom Harris had previously complained about a sexually hostile work environment, fired her. *Id.* at 27:15-19, 248:9-12. Furthermore, the reasons given for terminating her gave rise to a jury question on whether those reasons were pretextual, something the jury was permitted to consider in determining whether Harris was in fact terminated because of her complaints about the alleged

sexually hostile work environment. *Id.* at 240:22-242:18 (evidence that another associate accused of making inappropriate remarks, but who had not previously complained about a sexually hostile work environment, received a lesser disciplinary action than Harris).

Sufficient evidence existed supporting the jury's finding that Harris was fired because she engaged in protected activity. Accordingly, Sam's East's motion for judgment as a matter of law or—in the alternative—motions to alter or amend the judgment or for new trial are denied.

Sam's East also asks the Court to reduce the jury's award of $250,000.00 for emotional distress and mental anguish damages, claiming that it is excessive and not supported by the evidence. *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1448 (11th Cir. 1985). Sam's East seems to be confused that a plaintiff's own testimony about the emotional distress that she suffered must be corroborated by other evidence. The law does not require corroboration. A jury can find substantial damages for emotional distress based solely on the testimony of the victim who suffered it. Here, Harris testified that, after her termination, her "hair was falling out," she "couldn't sleep," she "felt like a complete and utter emotional wreck," and her "relationships with other people" suffered. Trial Tr. Vol. II 118:8-11, 124:4-7, 160:1. This testimony was certainly sufficient to support the damages

award.  *See Ash v. Tyson Foods,* 664 F.3d 883, 899-900 (11th Cir. 2011) (affirming the district court's denial of the defendant's remittitur motion based on the plaintiff's testimony about his physical symptoms, lost esteem, and extreme emotional distress); *see also Davis v. Fla. Agency for Health Care Admin.*, 612 F. App'x 983, 987 (11th Cir. 2015) (per curiam) (affirming the district court's denial of remittitur because a "plaintiff's own testimony may support an award of compensatory damages for emotional distress").[1]  Harris's testimony here supported such damages.  Trial Tr. Vol. II 160:1-25, 165:16-166:7 (physical symptoms); *id.* at 92:20-93:5, 123:14-124:21 (lost esteem); *id.* at 113:12-16, 115:11-118:11 (extreme emotional distress).  The jury, considering the evidence, determined that $250,000 compensated Harris for her emotional pain and mental anguish.  That determination is entitled to substantial deference.  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1315 (11th Cir. 2001).  Sam's East's motion for remittitur is denied.

## II.  Harris's Motion for Attorneys' Fees

Because Harris prevailed on her Title VII retaliatory termination claim, she may recover a "reasonable attorney's

---

[1] Sam's East's reliance upon *Akouri v. Florida Department of Transportation*, 408 F.3d 1338, 1345 n.5 (11th Cir. 2005) is misplaced. The plaintiff there did not present any evidence of mental anguish while Harris did.

fee . . . as part of the costs." 42 U.S.C. § 2000e-5(k).[2]   The
Court calculates reasonable attorneys' fees under the lodestar
method, which multiplies "the reasonable hours spent on the case
and a reasonable hourly rate." *In re Home Depot Inc.*, 931 F.3d
1065, 1076 (11th Cir. 2019).  "There is a strong presumption that
the lodestar yields a reasonable fee[.]" *Id.* at 1082.  "The fee
applicant bears the burden of establishing entitlement and
documenting the appropriate hours and hourly rates," but the Court
may also exercise its own expertise as to the fee's reasonableness.
*Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th
Cir. 1988).

Sam's East does not dispute that Harris is the prevailing
party.  Further, Sam's East does not dispute the hourly rates
charged by Harris's legal team: $400 an hour for attorney Gwyn
Newsom, $350 an hour for attorney Maxine Wallace, and $155 an hour
for paralegal Sheryl Herring.  Sam's East argues, however, that

---

[2] Harris also seeks to recover expenses related to this litigation.
*Johnson v. Univ. Coll. of Univ. of Alab. in Birmingham*, 706 F.2d 1205,
1209 (11th Cir. 1983) (stating that "all reasonable expenses incurred
in case preparation, during the course of litigation, or as an aspect
of settlement of the case may be taxed as costs" for Title VII prevailing
parties (internal quotation marks and citation omitted)).  Sam's East
does not dispute that it should pay Harris's Bill of Costs, totaling
$6,246.25.  Harris also seeks $1,425.50 for the costs of mediation and
a subpoena and $3,410.17 for the cost of obtaining the trial transcript,
which the Court finds reasonable.  *See Evans v. Books-A-Million*, 762
F.3d 1288, 1298-99 (11th Cir. 2014) (seeing "no reason to distinguish
mediation fees from other expenses which may be recovered under" the
statute authorizing Title VII prevailing parties to recover attorneys'
fees and expenses if the "court determines they were reasonably incurred
in the course of case preparation, settlement, or litigation").  Thus,
Harris is entitled to recover a total of $11,081.92 in expenses.

some of the time spent was unnecessary and that the court should reduce the lodestar because Harris did not prevail on all of her claims.

A.   Hours Reasonably Expended

Harris's counsel reduced her requested hours to account for her unsuccessful claims, either by omitting specific billing entries related to those claims or by applying percentage reductions to entries where it was not easy to distinguish the work performed on successful versus unsuccessful claims.  Pl.'s Mot. for Att'ys' Fees Ex. C, Newsom Aff. ¶¶ 11-12, ECF No. 67-4. After these revisions, Harris seeks a total of 533.2 hours for Newsom, 256 hours for Wallace, and 87.6 hours for Herring.[3]

Sam's East argues that it should not have to pay for the following: (1) work related to Harris's unemployment claim with the Georgia Department of Labor, (2) duplicative work performed by multiple attorneys, (3) inappropriately block billed entries, (4) clerical work not typically performed by attorneys, and

---

[3] Harris initially claimed 503.1 hours for Newsom, 216.9 hours for Wallace, and 86.6 hours for Herring.  Pl.'s Mot. for Att'ys' Fees Ex. B, Billing Record Reductions Taken & Chart of Time 11, ECF No. 67-3. Harris then supplemented her requested hours for work performed after filing her initial motion.  Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. for Att'ys' Fees Ex. 4, Supplemental Billing Record 2, ECF No. 84-4 (billing 30.1 hours for Newsom, 39.1 hours for Wallace, and 1 hour for Herring).  The Court assessed this supplemental hours request, found it reasonable, and awards them accordingly. *See Johnson*, 706 F.2d at 1207 (recognizing that Title VII plaintiffs may recover attorneys' fees for time spent litigating such fees).

(5) unsuccessful claims and excessive tasks.  The Court addresses each argument in turn.

### 1.   Work Related to Harris's Georgia Department of Labor Unemployment Claim

Harris seeks hours for work on her unemployment benefits claim, which Sam's East contends does not relate to this action. *See* Def.'s Resp. to Pl.'s Mot. for Att'ys' Fees Ex. A, Annotated Billing Record 1, ECF No. 75-1 (billing 7.2 hours related to the unemployment claim for Newsom and 2 hours for Wallace).  The lodestar method assesses "the number of hours reasonably expended *on the litigation*." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added).  Harris has not carried her burden of establishing that the unemployment claim time was directly related to this action.  Therefore, she may not recover attorneys' fees for that time.

### 2.   Duplicative Work Performed by Multiple Attorneys

Sam's East contends that billing records show 60.5 hours in identical time entries for work performed by Newsom and Wallace each and asks the Court to reduce these hours by 25% as duplicative.  "Redundant hours must be excluded from the reasonable hours claimed by the fee applicant." *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999).  "Redundant hours generally occur where more than one attorney represents a client. There is nothing inherently unreasonable about a client having

multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1301–02.

Based on the billing records and the attorneys' affidavits, the Court finds that these contested hours are not unreasonably duplicative. *Gowen Oil Co. v. Abraham*, 511 F. App'x 930, 935–36 (11th Cir. 2013) (per curiam) (affirming the district court's award of fees for multiple-attorney meetings when "affidavits and other materials" described each attorney's "individualized contributions"). Many contested hours—including reviewing documents, conferring with the client, and formulating litigation strategies—require multiple-attorney participation. Further, Newsom and Wallace created a "specific division of labor," splitting discovery, legal research, and trial tasks between them. Pl.'s Br. in Supp. of Mot. for Att'ys' Fees 5-6, ECF No. 67-1. Newsom and Wallace both attended depositions, but Newsom has explained that Wallace's involvement "greatly enhanced" her work representation during the depositions, Newsom Aff. ¶ 13, allowing one attorney to engage in questioning and the other to compare testimony to other evidence for conflicts. The Court finds the hours reasonable.

###### 3.   Inappropriately Block Billed Entries

Sam's East contends that Harris's legal team engaged in block billing, which "is defined as billing multiple unrelated tasks in one billing entry, such that it becomes 'difficult, if not impossible, to calculate with any precision the number of hours an attorney devoted to a particular task.'" *Johnston v. Borders*, 36 F.4th 1254, 1279 n.46 (11th Cir. 2022) (per curiam) (quoting *Barnes*, 168 F.3d at 429).   Sam's East asks the Court for a 20% reduction for all entries that Sam's East identifies as "block-billed." *See Ceres Env't Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012) (per curiam) (recognizing that courts have "approved across-the-board reductions in block-billed hours to offset the effects of block billing").   But Harris's counsel did not block-bill any of the contested entries: while many encompass several sub-tasks, separated by semi-colons, they each relate to a discrete task which permits Sam's East and the Court to understand the basis for the entry.   Thus, the Court does not reduce Harris's claimed hours for improper block billing.

###### 4.   Clerical Work Not Typically Performed by Attorneys

Sam's East asserts that attorneys do not typically perform many of the tasks listed in Herring's billing entries.   "In the context of a Title VII case," the Eleventh Circuit has "held that paralegal time is recoverable as part of a prevailing party's award

for attorney's fees and expenses, but only to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (alteration adopted) (internal quotation marks, citation, and emphasis omitted). Because Sam's East contends that Harris's legal team impermissibly block billed Herring's time, Sam's East asks for a 50% reduction in Herring's total request rather than specifying individual entries that should be rejected.

Many of Herring's entries appear to lie "in a gray area of tasks that might appropriately be performed either by an attorney or a paralegal," including preparing discovery documents, trial exhibits, and billing records. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).  The Court's review does reveal that 11 hours of Herring's time for which Harris's counsel seeks recovery was spent on clerical tasks: applying Bates numbers to documents; mailing and emailing correspondence; filing documents; and downloading, organizing, and printing documents.  Thus, rather than applying the 50% reduction sought by Sam's East, the Court instead reduces Herring's requested time by 11 hours.

    5.   *Unsuccessful Claims and Excessive Tasks*

Sam's East argues that many of Harris's requested hours relate either to unsuccessful claims or are excessive.  Harris initially brought Title VII race discrimination, gender discrimination, and race and gender retaliation claims, as well as § 1981 race

discrimination and retaliation claims.  The Court granted summary judgment on Harris's race-based retaliation and gender discrimination claims.  At trial, the Court dismissed her race discrimination claims, but presented the Title VII gender-based retaliation claim to the jury, which found in Harris's favor. Sam's East seeks a 50% reduction for all hours expended before the Court ruled on its summary judgment motion and a 50% reduction on hours related to trial, because Harris ultimately prevailed on only one of her initial claims.  Discrete claims "are based on different facts and legal theories," so if those claims do not succeed then the Court should treat them "as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim."  *Hensley*, 461 U.S. at 434-35.

Although Harris asserted several separate causes of action, her claims related to a common set of facts regarding her treatment by her supervisors, Sam's East's investigation into her complaints, and her termination.  Most of the evidence supporting her claims overlapped.  Harris's counsel has attempted to reduce the attorneys' fee claim by eliminating hours related to failed claims.  Sam's East has failed to specifically identify entries that it claims relate solely to failed claims.  Based on the current record, the Court finds that no additional reductions are warranted.

Lastly, Sam's East argues that Newsom spent unreasonably excessive time preparing deposition summaries and drafting the complaint.  Harris's counsel seeks 42.9 hours for Newsom's summarizing depositions that apparently took less than half that amount of time to actually conduct.[4]  The Court finds this unreasonable and reduces the deposition summary preparation by 50% (21.45 hours).  The Court does not find the time sought drafting the complaint to be unreasonably excessive, particularly given Harris's 20% reduction in the time claimed.

B.   Calculation of the Lodestar

Based on the foregoing, the lodestar amounts to $302,593 in attorneys' fees, calculated as follows:

| Name | Rate | Hours | Total |
|------|------|-------|-------|
| Newsom | $400 | 504.55 | $201,820 |
| Wallace | $350 | 254 | $88,900 |
| Herring | $155 | 76.6 | $11,873 |
| | **Total** | 835.15 | $302,593 |

C.   Downward Departure from the Lodestar

Sam's East asks the Court to reduce the lodestar, arguing that the jury gave Harris an excessive award unsupported by the evidence, which limits the success she actually achieved at trial. As the Court has previously explained, the jury verdict was not excessive or unreasonable.  Thus, Harris achieved great success at

---

[4] Harris's counsel seeks 38.8 hours for Newsom and Wallace combined for conducting the depositions.

trial, and Sam's East's argument has no merit.  A further reduction based on the success at trial is not appropriate.[5]

CONCLUSION

Sam's East's motion for judgment as a matter of law, and in the alternative, motions to alter or amend the judgment, for new trial, and remittitur (ECF No. 66) are denied.  The Court grants Harris's motion for attorneys' fees (ECF No. 67) in part and awards her $302,593 in attorneys' fees and $11,081.92 in expenses.  The judgment shall be amended accordingly.


IT IS SO ORDERED, this 22nd day of February, 2023.

S/Clay D. Land

_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[5] The Court is confused by Sam's East's argument that the lost wages award, the amount to which all parties stipulated, somehow merits a reduction in the lodestar amount.  The total amount of damages awarded was $251,711.11, a result that Sam's East maintains is excessive on the one hand while arguing it represents diminished success on the other hand.  The Court acknowledges the lawyer tactic of alternative argument, but the Court also remembers the age-old wisdom, "you can't have it both ways."